UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**HARRY PRATER (#625261)**                              **CIVIL ACTION**

**VERSUS**                                              **NO. 19-576-JWD-EWD**

**DARREL VANNOY, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on July 5, 2022.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **HARRY PRATER (#625261)** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-576-JWD-EWD** |
| **DARREL VANNOY, ET AL.** | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before this Court is the Petition Under 28 USC § 2254 for Writ of Habeas Corpus by a Person in State Custody ("habeas petition"), filed by Petitioner Harry Prater ("Prater"). It is recommended that Prater's application be denied as untimely. There is no need for oral argument or for an evidentiary hearing.

### I. PROCEDURAL HISTORY

On October 11, 2012, Prater was indicted in the Eighteenth Judicial District Court for the Parish of Iberville, State of Louisiana on two counts of second degree murder.[1] After a jury trial in May 2014, Prater was found guilty[2] by unanimous jury on both counts and sentenced to two consecutive life sentences at hard labor without the benefit of probation, parole, or suspension of sentence.[3] Prater filed an appeal with the Louisiana First Circuit Court of Appeal ("First Circuit"), which affirmed his conviction and sentence on November 6, 2015.[4] On direct appeal, the Louisiana Supreme Court denied Prater's writ application on April 22, 2016.[5]

Prater then filed an application for post-conviction relief ("PCR application") at the Eighteenth Judicial District Court on or about July 20, 2017.[6] The trial court denied the PCR

---

[1] R. Doc. 6, p. 19.
[2] R. Doc. 12, p. 81.
[3] R. Doc. 8, p. 92; Doc. 12, pp. 91-100.
[4] *State v. Prater*, 2015-0079 (La. App. 1 Cir. 11/6/15), 2015 WL 6835423.
[5] R. Doc. 12, p. 150.
[6] R. Doc. 12, p. 156-164. All references to dates when Prater filed documents are to the dates the document was signed, rather than filed with the Court, unless otherwise indicated. The courts of this Circuit have long concluded

application on August 31, 2017.[7] Prater sought review with the First Circuit, which initially denied his application "on showing made" for failure to include required supporting documentation.[8] After Prater refiled his writ application, the First Circuit issued an order on June 4, 2018 denying review.[9] The Louisiana Supreme Court subsequently denied Prater's writ application on August 12, 2019.[10]

Prater filed the habeas petition, *pro se*, with this Court on August 30, 2019,[11] asserting (1) the trial court erred in failing to grant a mistrial, (2) insufficiency of evidence, and (3) ineffective assistance from his trial counsel.[12] Counsel enrolled on Prater's behalf in this case on February 12, 2020.[13] Counsel was given leave to file a supplemental memorandum in support of Petitioner's habeas application.[14]

## II.   TIMELINESS

Pursuant to 28 U.S.C. § 2244(d), there is a one-year time period for prisoners in state custody to file federal habeas corpus claims. This time period begins to run on the date judgment becomes final through the conclusion of direct review or through the expiration of the time to seek direct review.[15] A properly filed application for state habeas relief or other collateral review tolls this time period.[16] After a petitioner has proceeded through all stages of direct appellate review in

---

that the prison mailbox rule generally applies to the filing of pleadings submitted to courts by Louisiana pro se inmates. Pursuant to that rule, an inmate's pleadings are considered filed on the date that they are presented to prison officials or placed into the prison mailing system for transmission to the Court, not on the date that they are ultimately received or docketed by the Court. *See Cooper v. Brookshire*, 70 F.3d 377, 379-80 (5th Cir. 1995); *Vicks v. Griffin*, 07-5471, 2008 WL 553186, at *3 (E.D. La. Feb. 28, 2008).

[7] R. Doc. 12, pp. 244.
[8] R. Doc. 12, pp. 248. The First Circuit's Order permitted the refiling of a new writ application on or before February 20, 2018.
[9] R. Doc. 1-12, p. 2.
[10] R. Doc. 12, pp. 254-255.
[11] R. Doc. 1, p. 5.
[12] R. Doc. 1, pp. 1-2.
[13] R. Doc. 18.
[14] R. Docs. 20 & 21.
[15] 28 U.S.C. § 2244(d)(1)(A).
[16] *Jackson v. Davis*, 933 F.3d 408, 410 (5th Cir. 2019), citing 28 U.S.C. § 2244(d)(2).

the state courts, the period of direct review also includes the petitioner's right to seek discretionary review before the United States Supreme Court. As a result, after a ruling by the state's highest court on direct appeal, a petitioner's judgment becomes final when the United States Supreme Court issues a decision denying discretionary review or, if no application for review is filed, at the conclusion of the ninety-day time period for seeking review at the Supreme Court.[17]

Prater's conviction became final on July 21, 2016, ninety (90) days after the April 22, 2016 denial by the Louisiana Supreme Court of reconsideration of his direct appeal, which was the last date Prater could have sought further review with the United States Supreme Court. Prater did not file his PCR application with the trial court until July 20, 2017—three hundred sixty-three (363) days after his conviction became final. The trial court denied Prater's PCR application on August 31, 2017. The First Circuit denied review on June 4, 2018, and the Louisiana Supreme Court ultimately denied review on August 12, 2019. By the time Prater filed his habeas application with this Court on August 30, 2019, another seventeen (17) days of untolled time passed. Because more than a year elapsed (380 days) during which Prater did not have any properly filed applications for post-conviction or other collateral review pending before the state courts, Prater's writ of habeas corpus in this Court is untimely.

This Court must dismiss Prater's untimely habeas application pursuant to 28 U.S.C. § 2244(d) unless he can establish that he is entitled to statutory or equitable tolling of the limitations period. To establish statutory tolling under 28 U.S.C. § 2244(d)(1)(B), Prater must show that some state action, in violation of the Constitution or federal law, prevented him from filing a timely petition.[18] Lack of notice has generally been analyzed under equitable, rather than statutory, tolling

---

[17] *Roberts v. Cockrell,* 319 F.3d 690, 693 (5th Cir. 2003).
[18] *See Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003).

3

principles.[19] It is the petitioner's burden to demonstrate that equitable tolling is warranted.[20] The Fifth Circuit takes a holistic approach to determining whether equitable tolling is warranted—there is no bright line rule[21]—however, equitable tolling is only available "in rare and exceptional circumstances."[22] Generally, equitable tolling requires a showing of the following two elements: (1) that the litigant has been pursuing his rights diligently, and (2) some extraordinary circumstance has stood in his way.[23] "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify."[24] Ignorance of the law, lack of knowledge of filing deadlines, or a temporary denial of access to research materials or an adequate law library are generally not sufficient to warrant equitable tolling.[25] Further, equitable tolling "is not intended for those who sleep on their rights."[26] Thus, a federal habeas petitioner is required to act with diligence[27] and alacrity both during the period allowed for the filing of state post-conviction review proceedings and after a denial by state appellate courts of these applications for relief.[28]

---

[19] *See Phillips v. Donnelly*, 216 F.3d 508 (5th Cir. 2000) (analyzing the failure to receive notice of a writ denial under equitable, rather than statutory, tolling principles); *Critchley v. Thaler*, 586 F.3d 318, 318 n. 3 (5th Cir. 2009) ("when the state fails to provide notice of its ruling on a state habeas petition to the affected petitioner as is required by Texas law, equitable tolling rules govern that situation.").
[20] *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009).
[21] *Diggs v. Vannoy*, 840 Fed.Appx. 779, 781 (5th Cir. 2021) ("Equitable tolling is discretionary, does not lend itself to bright-line rules, and turns on the facts and circumstances of a particular case.") (internal quotations and citations omitted).
[22] *Hardy*, 577 F.3d at 598.
[23] *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).
[24] *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006), citing *Felder v. Johnson*, 204 F.3d 168, 174 (5th Cir. 2000).
[25] *Tate v. Parker*, 439 Fed.Appx. 375, 376 (5th Cir. 2011), citing *Felder,* 204 F.3d at 171-72 and *Scott v. Johnson*, 227 F.3d 260, 263 & n. 3 (5th Cir. 2000).
[26] *Manning v. Epps*, 688 F.3d 177, 184 (5th Cir. 2012).
[27] "The diligence required for equitable tolling purposes is reasonable diligence, . . . not maximum feasible diligence," and equitable tolling decisions must be made on a case by case basis. *Holland v. Florida*, 560 U.S. 631, 649-50, 653 (2010) (internal quotation marks omitted).
[28] *See Ramos v. Director*, Nos. 09-463/09-477, 2010 WL 774986, at *4 (E.D. Tex. Mar. 1, 2010).

Here, Prater concedes that his application is untimely[29] but requests equitable tolling.[30] Prater contends he is entitled to equitable tolling for two reasons: (1) a state-induced impediment is responsible for the delay; and/or (2) the exception pronounced in *Martinez v. Ryan*[31] excuses the untimely application.[32] Prater acknowledges that by the time he filed his PCR application he had almost no time left on the federal statute of limitations. Because he only had two days left to file his federal habeas application, Prater characterizes the two-day delay in receiving the opinion from the Louisiana Supreme Court denying review of his PCR application as a "state-induced impediment."[33] The Fifth Circuit has held that delays of four (4) months,[34] almost one (1) year,[35] and eighteen (18) months[36] in receiving notice of the denial of a state application constitute extraordinary circumstances. In contrast, a two-delay is a reasonable amount of time to receive notice of the Louisiana Supreme Court's opinion and does not constitute "extraordinary circumstances."

A petitioner's diligence is generally examined at three stages when he seeks to toll the period between the denial of a state habeas petition and the filing of his federal application.[37] First, is how long the petitioner waited to file for state habeas relief. While delays of two (2) months or

---

[29] R. Doc. 1-1, p. 4; R. Doc. 21, p. 9.
[30] R. Doc. 21, p. 10-11.
[31] 566 U.S. 1 (2012).
[32] R. Doc. 21, p. 10-11. Prater also contends he is entitled to equitable tolling because, while is the midst of researching his claims, he was separated from his legal work for several seeks after he was involved in a "security altercation" at the prison. Once he was able to begin work on his brief, it took more time than expected because he did not have direct access to the law library and limited access to Offender Counsel Substitute. R. Doc. 1-1, p. 4. As noted above, a temporary denial of access to research materials or an adequate law library are generally not sufficient to warrant equitable tolling. *Tate*, 439 Fed.Appx. at 376, citing *Felder*, 204 F.3d at 171-72 and *Scott*, 227 F.3d at 263 & n. 3. This argument for equitable tolling is not discussed further.
[33] Although Prater argues that he only had one (1) day to file, 363 days elapsed between the finality of his conviction and the filing of his PCR application, such that he actually had two (2) days remaining to file his federal habeas petition.
[34] *Phillips*, 216 F.3d 508.
[35] *Hardy*, 577 F.3d 596.
[36] *Jackson*, 933 F.3d at 411.
[37] *Jackson*, 933 F.3d at 408. The second consideration – whether a petitioner checked on the status of his pending state application – is not applicable here since Prater's delay in receiving the final decision of the Louisiana Supreme Court on his PCR application was only two (2) days.

5

less to file for state habeas relief have been deemed diligent by the Fifth Circuit,[38] a delay of seven (7) months was considered dilatory, such that denial of equitable tolling was unwarranted.[39] Prater's situation was created by his failure to file his PCR application before almost the entire year time limitation to file a federal habeas application had elapsed. His explanation that a security altercation in March 2017 was partially responsible for the delay is unavailing considering that by March 2017 at least seven months had already passed since Prater's conviction became final.[40] Using a holistic approach, Prater is not entitled to equitable tolling. Although he moved relatively quickly in filing his federal petition after receiving notice of the Louisiana Supreme Court's denial of his PCR application, taking 363 days to file the PCR application, with no excuse for letting the first seven months of that time elapse, warrants against finding that Prater pursued his rights diligently.

Next, Prater urges the Court to apply *Martinez v. Ryan* to his untimely petition. In *Martinez v. Ryan*, the United States Supreme Court held that a state-imposed procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance of counsel at trial if there was no counsel in the collateral proceeding or if counsel was ineffective. "However, *Martinez* does not address nor provide any remedy when a habeas corpus petition is untimely filed."[41] Specifically, "*Martinez*… [does] not provide a basis for reviewing the merits of an untimely filed federal habeas petition, even if it includes an ineffective assistance of counsel

---

[38] *Jackson*, 933 F.3d at 411-412 (one-and-a-half-month delay); *Hardy*, 577 F.3d at 597 (two-month delay).
[39] *Stroman v. Thaler*, 603 F.3d 299, 302-303 (5th Cir. 2010).
[40] The third question—how promptly Prater filed his federal petition after learning that his state petition was denied—weighs in Prater's favor as the Fifth Circuit has found that a petitioner who only took seventeen (17) days to file his federal petition was diligent. *Jackson*, 933 F.3d at 412. Prater took sixteen (16) days.
[41] *Shank v. Cain*, 15-4530, 2016 WL 4473193, *6 (E.D. La. Aug. 24, 2016), citing *Martinez v. Ryan, supra.*

claim."[42] Accordingly, *Martinez* provides no authority for tolling the statute of limitations and Prater's untimely application for habeas corpus relief should be dismissed.

### III.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."[43] Although Petitioner has not yet filed a Notice of Appeal in this case, the Court may address whether he would be entitled to a certificate of appealability.[44] A certificate of appealability may issue only if a habeas petitioner has made a substantial showing of the denial of a constitutional right.[45] In cases where the Court has rejected a petitioner's constitutional claims on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of a denial of constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[46] In cases where the Court has rejected a petitioner's constitutional claims on substantive grounds, a petitioner must demonstrate that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."[47]

---

[42] *See also, e.g., Arthur v. Thomas*, 739 F.3d 611, 630-31 (11th Cir. 2014) (holding that "the *Martinez* rule explicitly relates to excusing a procedural default of ineffective-trial-counsel claims and does not apply to AEDPA's statute of limitations or the tolling of that period."); *Green v. Cain*, No. 14-2072, 2015 WL 5060608, *5 (E.D. La. Aug. 25, 2015) ("The equitable ruling in *Martinez* did not encompass, much less excuse, the untimely filing of a federal habeas petition."); *Reynolds v. Stephens*, 13-2728, 2014 WL 2575752, *3 (N.D. Tex. June 9, 2014) (concluding that *Martinez* and *Trevino* address procedural default rather than the limitations period and do not support a petitioner's claim for equitable tolling); *Smith v. Rogers*, 14-0842, 2014 WL 2972884, *1 (W.D. La. July 2, 2014) (same); *Falls v. Cain*, 13-5091, 2014 WL 2702380, at *3 (E.D. La. June 13, 2014) (same).
[43] 28 U.S.C. § 2253(c)(1)(A).
[44] *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).
[45] 28 U.S.C. § 2253(c)(2).
[46] *Ruiz v. Quarterman*, 460 F.3d 638, 642 (5th Cir. 2006).
[47] *Pippin v. Dretke*, 434 F.3d 782, 787 (5th Cir. 2005), quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Should Petitioner pursue an appeal, it is recommended that a certificate of appealability be granted. In the instant case, reasonable jurists could debate the correctness of the procedural ruling that Prater is not entitled to equitable tolling where he filed his habeas application only sixteen days after receipt of denial of state habeas relief from the Louisiana Supreme Court, notwithstanding that he waited almost a year to file his PCR application with the state trial court.

### IV. RECOMMENDATION

For the reasons set forth above, **IT IS RECOMMENDED** that Petitioner Harry Prater's application for habeas corpus relief be **DENIED** and that this proceeding be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that a certificate of appealability be granted if Petitioner Harry Prater seeks to pursue an appeal in this case.

Signed in Baton Rouge, Louisiana, on July 5, 2022.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**